James A. WOOTEN *v.* Jurvis DAVIS

87-180                                    739 S.W.2d 669

Supreme Court of Arkansas
Opinion delivered November 9, 1987

*Bullock & McCormick*, by: *William R. Bullock*, for appellant.

*Walters Law Firm, P.A.*, for appellee.

DAVID NEWBERN, Justice. This is a usury case. The jury determined that the charging of interest in question was not in excess of the ten percent limit in effect at the time and thus was not usurious. The only issue presented by the appellant is whether the trial court should have granted the appellant's motion for judgment notwithstanding the verdict. It was not error to overrule the motion, thus the judgment is affirmed.

The appellant, James A. Wooten, purchased agricultural supplies from the Davis and Sikes Feed Mill in Paris, Arkansas. The appellee, Jurvis Davis, formerly worked in the business and is the owner of the account owed by Mr. Wooten. In 1973, Mr. Wooten signed a promissory note showing an initial obligation of $9,689.03, payable in one year with interest, shown on the printed form, at ten percent per annum. A hand written insertion of "8%" also appeared on the form. Testimony established that the parties agreed to interest on the remaining obligation at ten percent as of 1979, and no issue arises with respect to whether the initial obligation was eight percent or ten percent interest. Although the note was on a form showing it to be payable to Logan County Bank, Scranton, Arkansas, it was introduced into evidence and treated by the parties as evidence of the obligation of Mr. Wooten to Mr. Davis. Also in evidence is a "Schedule of Account," beginning with the same principal amount, introduced by Mr. Wooten, which shows when the payments of principal and interest were made and credited by Mr. Davis and his wife who helped in the business.

Although Mr. Wooten testified that he did not owe Mr. Davis anything whatever on the account, he was unable to produce any evidence of payments made other than those shown on his exhibit. He introduced the testimony of Mr. Dow Dollar, an accountant, who testified using the schedule to ascertain whether interest in excess of the constitutional maximum at that time, ten percent per annum, was charged on the account. *See* Ark. Const., art. 19, § 13, since amended by amend. 60. The arguments of the parties make it clear that they both accept the schedule as representative of the amounts charged and paid as principal and interest on the account, and thus we regard the facts as undisputed. Here is the "Schedule of Account" from which Mr. Dollar testified:

## JURVIS DAVIS VS. JAMES A. WOOTEN
## SCHEDULE OF ACCOUNT

| Date | Description | Payment | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 12-16-73 | Balance | | | | $9,689.03 |
| 12-26-74 | Interest to 12-26-74 | | 775.12 | | |
| 02-13-75 | Interest to 02-13-75 | | 904.30 | | |
| 02-13-79 | Payment | 8,172.14 | | | |
| 02-13-79 | Interest to 02-13-79 | | 3492.72 | | |
| 02-13-79 | Principal credited | | | 3000.00 | 6,689.03 |
| 02-13-79 | Interest charged | | 130.00 | | 6,819.03 |
| 02-25-81 | Payment | 1,703.33 | | 1703.33 | 5,115.70 |
| 04-21-81 | Payment | 254.20 | | 254.20 | 4,861.50 |
| 01- -82 | Interest charged | | 486.00 | | 5,347.50 |
| 09- -82 | | | | | |
| 12-01-82 | Interest charged | | 449.55 | | 5,797.05 |
| 01-01-83 | Interest charged | | 48.30 | | 5,845.35 |
| 05-01-83 | Interest charged | | 194.83 | | 6,040.18 |
| 05-18-83 | Payment (ck. #184) | 200.00 | | 200.00 | 5,840.18 |
| 08-06-83 | Interest charged | | 121.65 | | 5,961.83 |
| 08-06-83 | Payment | 100.00 | | 100.00 | 5,861.83 |
| 09-01-83 | Payment (#173) | 200.00 | | 200.00 | 5,661.83 |
| 09-07-83 | Interest to 9-6-83 | | 47.20 | | 5,709.03 |
| 10-06-83 | Interest to 10-6-83 | | 47.25 | | 5,756.28 |
| 05-17-84 | Interest 10-6-83 to 5-6-84 | | 335.78 | | 6,092.06 |
| 05-17-84 | Payment | 150.00 | | 150.00 | 5,942.06 |
| 07-16-84 | Payment (ck. #251) | 75.00 | | 75.00 | 5,867.06 |
| 08-16-84 | Payment | 100.00 | | 100.00 | 5,767.06 |
| 09-03-84 | Payment | 50.00 | | 50.00 | 5,717.06 |
| 09-17-84 | Payment | 35.00 | | 35.00 | 5,682.06 |
| 05-17-84 | Interest charged | | 568.21 | | 6,250.27 |

The crux of the matter is the period 1979-1981. The schedule

shows an account balance of $4,861.50 as of 4-21-81. Mr. Wooten contends, and Mr. Dollar testified, that the interest charged between 4-21-81 and the date of the last entry in the year in which the suit was filed, 5-17-84, is usurious because it is more than ten percent per annum figured on the principal of $4,861.50. We note, however, that no interest was posted on the account between 2-13-79 and January, 1982. Mr. Davis contends, and Mr. Dollar testified on cross-examination, that if the interest charged is related to the amount owed from 2-13-79 forward, then it is below ten percent per annum.

In his reply brief, Mr. Wooten contends that Mr. Davis testified that the amount, $4,861.50, was the "pay off" figure as of 4-21-81. That is not correct. Mr. Davis testified that that was the amount of the "principle [principal] balance" as of that date.

As this case came to trial, Mr. Davis amended his complaint to ask recovery of $5,331.30 rather than the $5,767.06 originally sought. The explanation given was that an error in posting for the year 1976 had been discovered. Mr. Wooten contends that this reduction does not make the interest charged any less usurious. As noted above, the amount sought is less than interest at ten percent per annum, and that is true no matter which amount is considered, if the entire duration of the obligation is considered.

■ The jury's verdict and the judgment based upon it were amply supported by the evidence presented, and we find no error.